Court Of Appeals
Fourth Court of Appeals District of Texas
San Antonio

# MEMORANDUM OPINION

No. 04-08-00641-CR

Jose Alvaro **PEREZ**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 399th Judicial District Court, Bexar County, Texas
Trial Court No. 2006-CR-5286
Honorable Juanita Vasquez-Gardner, Judge Presiding

Opinion by:     Steven C. Hilbig, Justice

Sitting:        Rebecca Simmons, Justice
                Steven C. Hilbig, Justice
                Marialyn Barnard, Justice

Delivered and Filed:   July 15, 2009

AFFIRMED

Jose Alvaro Perez was convicted of making a false report and sentenced to one year in the

Texas Department of Criminal Justice – State Jail Division and a $2,000 fine. Perez appeals the

judgment, contending the trial court abused its discretion in denying his motion to suppress and

admitting his written statement into evidence. We affirm the judgment of the trial court.

Perez argues admission of his statement violated his rights under the Fifth Amendment to the United States Constitution and *Miranda v. Arizona*, 384 U.S. 436 (1966), because the State failed to establish Perez was advised of his rights and waived them before police began interrogating him. We review the trial court's ruling for abuse of discretion. *Amador v. State*, 275 S.W.3d 872, 878 (Tex. Crim. App. 2009). When the trial court makes explicit fact findings, we determine whether the evidence, viewed in the light most favorable to the trial court's ruling, supports those findings. *State v. Kelly*, 204 S.W.3d 808, 818 (Tex. Crim. App. 2006). We will uphold the trial court's ruling if it is reasonably supported by the record and is correct under any theory of law applicable to the case. *Ramos v. State*, 245 S.W.3d 410, 417 (Tex. Crim. App. 2008). The trial court is the sole factfinder at a suppression hearing, and it may believe or disbelieve all or any part of a witness's testimony. *State v. Ross*, 32 S.W.3d 853, 855 (Tex. Crim. App. 2000). The trial court may also make reasonable inferences from the evidence presented. *State v. Garcia-Cantu*, 253 S.W.3d 236, 241 (Tex. Crim. App. 2008); *Kelly v. State*, 163 S.W.3d 722, 726 (Tex. Crim. App. 2005).

The evidence before the jury established that on the evening of April 11, 2006, Officer Joe Saldana of the San Antonio Police Department responded to a 911 call of a bomb threat at the post office. After speaking to witnesses, Officer Saldana identified Perez as the suspect, handcuffed Perez, and placed him in the back of a police vehicle. Officer Saldana did not interrogate Perez. The San Antonio Police Department bomb squad and San Antonio Arson Investigator Timothy Bays were also called to the scene. Investigator Bays, who is employed by the San Antonio Fire Department, conducted the follow-up investigation. After the bomb squad determined the area was safe, Investigator Bays spoke to Perez, who was in the back of a patrol car. Investigator Bays testified:

> I told him that I had already talked to the witnesses and that he was going to be placed under arrest and told him he was under arrest for false alarm, false report; gave him his *Miranda* warning; and asked him if he wanted to come down to the arson office at 515 South Frio to give a statement. . . . [H]e decided to waive his rights and come down. He talked to me there in the back of the car. I told him he didn't have to. And then I asked him if he wanted to go down and make a statement and he said yes. So that's what we did.

The court then held a brief hearing outside the presence of the jury to consider Perez's motion to suppress the written statement Perez gave Investigator Bays at the arson office.

During the hearing, Investigator Bays testified he "read Mr. Perez the *Miranda* warning from SAPD Form 66 echo" while Perez was in the patrol car at the scene. He testified he is familiar with the *Miranda* warnings and identified Form 66-E as "the *Miranda* warning, in English and Spanish." Investigator Bays stated he read Perez the *Miranda* warnings in English. Defense counsel's questioning continued:

> Counsel: And to the best of your knowledge, did Mr. Perez understand the warning?
>
> Bays: Yes, sir.
>
> Counsel: Did he acknowledge that understanding of the warning?
>
> Bays: Yes, sir.
>
> Counsel: : How did he acknowledge that?
>
> Bays: I asked him these are your rights; do you understand them. And he said yes.
>
> . . .
>
> I told him I didn't think this was something he would normally do and I asked him if he would like to come down to the office and give a statement telling me what led up to the actions.
>
> Counsel: Okay. And did he consent?

Bays:        Yes, sir.

About five minutes after this exchange between Investigator Bays and Perez, Officer Saldana drove Perez to the arson office. Investigator Bays met with Perez in an interview room, and as Perez spoke, Investigator Bays prepared a written statement. Perez reviewed it and made changes. This occurred several times before Perez was satisfied and signed the statement. Investigator Bays testified he did not read Perez his rights again after arriving at the arson office. However, the *Miranda* warnings are listed on the form on which the statement was printed, and Perez read them before signing the statement. Investigator Bays testified Perez did not indicate at any time during the interview that he wanted to end the interview or that he wanted counsel.

The trial court found Perez was orally advised of his *Miranda* rights at the scene, that Perez knowingly, intelligently, and voluntarily waived his rights, and that the written statement was voluntarily given. The written statement was admitted into evidence. Perez contends the trial court erred because "[t]here is nothing within the evidence to suggest what admonitions were contained in . . . form [66-E]; the only evidence regarding the warnings Mr. Perez supposedly received is Officer Bays's testimony that he *Mirandized* Mr. Perez in accordance with Form 66E." Perez argues the record therefore does not support a findng that Perez was adequately advised of his rights or that he waived them. We disagree.

Investigator Bays testified he read Perez his *Miranda* rights from San Antonio Police Department Form 66-E. Investigator Bays also testified he is familiar with the *Miranda* warnings and that Form 66-E contains the warnings required by *Miranda*. *See Johnson v. State*, 651 S.W.2d 303, 310 n. 3 (Tex. App.—San Antonio 1983, no pet.) (recognizing that SAPD Form 66-E contains the *Miranda* warnings). The evidence and the reasonable inferences therefrom support the trial

court's finding that Perez was fully and adequately advised of his *Miranda* rights. The evidence also supports the trial court's finding that Perez waived his rights after he was advised of them at the scene and before any interrogation occurred. Accordingly, the trial court did not abuse its discretion in admitting Perez's written statement, and we affirm the trial court's judgment.

Steven C. Hilbig, Justice

Do not publish